IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-CR-00538-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES OTIS DAVIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's pro se Motions for Compassionate Release. [DE 59, 81]. In his first motion, Defendant argues that his risk of exposure to COVID-19 while incarcerated, exacerbated by end stage renal disease ("ESRD"), is an extraordinary and compelling reason for a sentence reduction. [DE 72 at 16–17]. In his second motion, he argues that this diagnosis, independent of any potential exposure to COVID-19, provides a basis for relief because it is a terminal illness that substantially diminishes his ability to provide self-care within the correction facility and requires specialized medical care. [DE 81 at 3, 5]. After careful consideration, the court finds that Defendant has not identified an extraordinary and compelling reason for release in his first motion, and assuming without deciding that he does in his second, the relevant § 3553(a) factors counsel against granting the requested relief. The motions are DENIED.

I. **Abbreviated Factual and Procedural History**

On December 16, 2020, Defendant was charged in a ten-count indictment for conduct occurring during a drug trafficking scheme. [DE 1]. Pursuant to a plea agreement, Defendant pled guilty to conspiracy to distribute a quantity of heroin and fentanyl; possession with the intent to

distribute a quantity of heroin, fentanyl, and cocaine; and possession of a firearm in furtherance of a drug trafficking crime. [DE 47]. Defendant was sentenced to a total term of imprisonment of 180 months. *Id.* Defendant now brings two motions for compassionate release, seeking an order reducing his term of imprisonment to a sentence of time served or, in the alternate, supervised release.

## II. Legal Standards

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Once, these requests could only come from the Director of the Federal Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Following the passage of the First Step Act, however, federal inmates were authorized to directly file motions for compassionate release once they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [at] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *see also Centeno-Morales*, 90 F.4th at 279.

In considering these motions, a district court must conduct a two-step analysis. *Id.* First, the court must determine whether a defendant is eligible for a sentence reduction because he or she has demonstrated extraordinary and compelling reasons for release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). Any potential sentence reduction must also be consistent with applicable policy statements issued by the United States Sentencing Commission, and the Commission has promulgated a non-exhaustive list of

2

circumstances constituting acceptable "extraordinary and compelling" rationales. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); U.S.S.G. § 1B1.13(b). Because this list is non-exhaustive, a district court "has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the Sentencing Commission's pronouncements or . . . definitions." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024) (citing *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

Second, if the court finds there are extraordinary and compelling reasons for a sentencing modification, it must then evaluate the relevant § 3553(a) sentencing factors. *Centeno-Morales*, 90 F.4th at 279. The defendant bears the burden of showing why the § 3553(a) factors justify a modified sentence, *id.*, and a court may deny the defendant's motion based on its own analysis of the factors, even if an extraordinary and compelling circumstance exists. *See United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021).

### III. Analysis

Based on the requirements of § 3582(c)(1)(A), Defendant's motions require the court to consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reasons exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The record reflects that Defendant has exhausted the available administrative remedies before filing his first motion for compassionate release. [DE 72-1]. Defendant's second motion, however, makes no such showing. *See* [DE 81]. Notwithstanding this failure, "the statute's requirement that a defendant "exhaust administrative remedies "before filing a motion in the district court is a non-jurisdictional claim-processing rule," meaning that "it may be waived or forfeited." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). The United States did

3

not respond to Defendant's second motion, so the court deems forfeited any argument that Defendant failed to exhaust administrative remedies before bringing his second motion.

### A. First Motion for Compassionate Release [DE 59]

Defendant first argues that his exposure to COVID-19, when considered in tandem with his diagnoses of ESRD and hypertension, constitute an extraordinary and compelling reason for release. [DE 72 at 16–17].

The Guidelines advise that extraordinary and compelling reasons exist when (1) "the defendant is housed at a correctional facility affected or at imminent risk of being affected by . . . an ongoing outbreak of infectious disease;" (2) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complication or death as a result of exposure to the ongoing outbreak of infectious disease;" and (3) "such risk cannot be adequately mitigated in a timely manner." U.S.S.G. § 1B1.13(b)(1)(D). "To establish that the risk posed by COVID-19 presents an extraordinary and compelling reason for release, the defendant must allege that the risk of contracting COVID-19 is higher in prison than outside of it, and that his preexisting conditions increase the risk of experiencing a serious or fatal case of the virus." *Davis*, 99 F.4th at 655 (citing *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023)); *see also United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021).

At the outset, the court accepts that Defendant's diagnosis of ESRD increases his susceptibility to a potential COVID-19 infection. "ESRD is the final permanent stage of chronic kidney disease where kidney function has declined to the point where kidneys can no longer function on their own." *United States v. Hawkins*, 2023 WL 4162279 (W.D.N.C. June 23, 2023). According to the Centers for Disease Control and Prevention, ESRD patients "are at a higher risk for COVID-19-associated morbidity and mortality, which is due, in part, to weakened immune

systems and the presence of multiple comorbidities." Robert Ziemba, PhD, et al., *Excess Death Estimates in Patients with End-Stage Renal Disease—United States, February-August 2020*, Morbidity and Mortality Wkly. Rep., at 3–5 (June 4, 2021).

While Defendant may be particularly susceptible to COIVD-19, he does not demonstrate that his risk of infection is higher while he is incarcerated. Defendant is currently held at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield"). *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited November 26, 2024). The facility currently houses 995 inmates. *Inmate COVID-19 Data*, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited November 26, 2024). Of that number, 696 inmates are fully inoculated against COVID-19, and none of have recently tested positive for the virus. *Id.* While these figures do not preempt the possibility of future exposure, they do suggest that MCFP Springfield is not currently affected by an ongoing outbreak of an infectious disease. *See* U.S.S.G. § 1B1.13(b)(1)(D). There is no indication that an outbreak is otherwise imminent, and thus, Defendant cannot show that his risk of infection is higher while at MCFP Springfield.

Further, the risk of future infection is mitigated by Defendant's vaccination status. Defendant has received three doses of the COVID-19 Pfizer-BioNTech vaccine, [DE 69 at 18], all of which provide protection against and mitigate the symptoms of future infections. *See Davis*, 99 F.4th at 656. While "vaccination status is not a per se bar to compassionate release on a theory of susceptibility to COVID-19," *United States v. Baker*, No. 15-290, 2023 WL 4706918, at *4 (D. Md. July 24, 2023), "it is undisputed that [one]'s risk is lowered [after receiving the vaccine]." *United States v. Salas*, No. 22-6371, 2023 WL 3918695, at *2 (4th Cir. June 9, 2023). When considering the protection provided by his vaccines with the already decreased probability that

5

Defendant will be exposed to infection at FCRP Springfield, the court finds that Defendant has not identified an extraordinary and compelling reason for release. The motion at [DE 59] is DENIED.

### B. Second Motion for Compassionate Release [DE 81]

In his second motion, Defendant argues that his ESRD diagnosis is itself an extraordinary and compelling reason for early release. [DE 81]. He invokes three provisions of the Sentencing Guidelines that consider how a defendant's medical circumstances impact the vitality of a motion for compassionate release. The guidelines in question counsel that extraordinary and compelling reasons exist when the defendant is suffering from a (1) "terminal illness," (2) "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover," or (3) "medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(A)–(C).

The court recognizes the gravity of the diagnosis. However, even assuming that it constitutes an extraordinary and compelling reason for release under any of the three presented rationales, the relevant § 3553(a) factors weigh heavily against granting early release. *See Kibble*, 992 F.3d at 329–32.

The nature and circumstances of the present offense are serious. Between 2014 and July 2020, Defendant possessed and/or distributed 3,451.7 grams of heroin, 1,630.1 grams of cocaine, and 2.88 grams of fentanyl. [DE 36 at 6–7]. He possessed at least two firearms in connection with the offense, maintained a premises for the purpose of distributing controlled substances, and employed his girlfriend to sell and store the drugs in question. *Id.* As it did at sentencing, the court notes its concern that firearms and drugs were kept in close proximity to infants. The

6

imposed sentence continues to reflect the horribly destructive nature of these substances, promote respect for the law, and provide just punishment for the offense. *See* 18 U.S.C. §§ 3553(a)(1), (2)(A).

Defendant's extensive criminal history also counsels against granting early release. Defendant has state convictions for three counts of larceny, three counts of resisting a public officer, two counts of criminal contempt, one count of assault on a government official, one count of possession of marijuana, and one count of injury to real property.[1] [DE 36 at 7–9]. Most notably, Defendant also has a conviction for the delivery of 1.5 grams of cocaine and 10 bindles of heroin to a cooperating witness. *Id.* at 9. The record reflects that before, during, and after the state proceedings for the drug charge, Defendant was engaging in the conduct that underlies his federal conviction. *Id.* at 4–6. The timing is troubling, and it suggests to the court that Defendant poses a significant risk of recidivism.

Defendant resists this conclusion by arguing that he has "taken his federal convictions seriously . . . as evidenced by his rehabilitation efforts." [DE 72 at 18]. While the court recognizes that Defendant has completed several BOP courses, this position is undermined by the disciplinary sanctions he received while incarcerated. As of April 12, 2023, Defendant had received five disciplinary sanctions, one of which was for attempted assault. [DE 75-2]. When considered against the backdrop of his criminal history, the court finds that the original sentence continues to be sufficient but not greater than necessary to protect the public from future crimes of Defendant.

In sum, the court assumes without deciding that Defendant's ESRD diagnosis constitutes

---

[1] The court also notes that between 2006 and 2017, eight arrest warrants were issued for Defendant, and he was charged for one count of Assault with a Deadly Weapon, one count of Assault on a Government Official or Employee, and six counts of Assault on a Female. [DE 36 at 11]. While all eight charges were later dismissed, the court finds it relevant when considering the totality of Defendant's criminal history and his likelihood of engaging in future criminal conduct.

7

an extraordinary and compelling reason for a sentencing reduction. However, after considering the relevant § 3553(a) factors, it finds that the imposed sentence remains sufficient but not greater than necessary to comply with the goals of sentencing. The motion at [DE 81] is DENIED.

* * *

For the forgoing reasons, the court DENIES the motions for compassionate release. [DE 59, 81].

SO ORDERED this 2d day of December, 2024.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE